```
___ FILED        ___ LODGED
___ RECEIVED     ___ COPY

       FEB 0 6 2013

  CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
BY_____ DEPUTY
```

# SEALED

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br>    v.<br><br>Jose Guadalupe Tapia-Quintero,<br>aka "Lupe,"<br>(Counts 1 - 5)<br><br>        Defendant. | NO  CR-13-00179-PHX-SRB (MHB)<br><br>**I N D I C T M E N T**<br><br>VIO: 21 U.S.C. § 963<br>(Conspiracy to Distribute<br>Methamphetamine, a Controlled<br>Substance, with Intent to Import<br>into the United States)<br>Count 1<br><br>21 U.S.C. § 963<br>(Conspiracy to Import<br>Methamphetamine,<br>a Controlled Substance)<br>Count 2<br><br>21 U.S.C. § 846<br>(Conspiracy to Possess with the<br>Intent to Distribute<br>Methamphetamine,<br>a Controlled Substance)<br>Count 3<br><br>18 U.S.C. § 1956(h)<br>(Conspiracy to Commit<br>Promotional Money Laundering)<br>Count 4<br><br>18 U.S.C. § 1956(h)<br>(Conspiracy to Commit<br>Concealment Money Laundering)<br>Count 5<br><br>18 U.S.C. § 2<br>(Aiding and Abetting)<br>Counts 1, 2, and 3<br><br>21 U.S.C. § 853<br>(Forfeiture Allegations) |

THE GRAND JURY CHARGES:

## COUNT 1

Beginning in or about December, 2006, the exact date being unknown, and continuing through in or about March, 2012, the exact date being unknown, in the District of Arizona, and elsewhere, defendant, JOSE GUADALUPE TAPIA-QUINTERO, did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, intending that such controlled substance be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a)(1) and 960(b)(1)(H).

All in violation of Title 21, United States Code, Section 963, and Title 18, United States Code, Section 2.

## COUNT 2

Beginning in or about December, 2006, the exact date being unknown, and continuing through in or about March, 2012, the exact date being unknown, in the District of Arizona, and elsewhere, defendant, JOSE GUADALUPE TAPIA-QUINTERO, did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to import into the United States from a place outside thereof, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(1)(H).

All in violation of Title 21, United States Code, Section 963, and Title 18, United States Code, Section 2.

## COUNT 3

Beginning in or about December, 2006, the exact date being unknown, and continuing through in or about March, 2012, the exact date being unknown, in the District of Arizona, and elsewhere, defendant, JOSE GUADALUPE TAPIA-QUINTERO, did knowingly and

intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

### COUNT 4

Beginning in or about December, 2006, the exact date being unknown, and continuing through in or about March, 2012, the exact date being unknown, in the District of Arizona, and elsewhere, defendant, JOSE GUADALUPE TAPIA-QUINTERO, did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, that is, the possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), with the intent to promote the carrying on of said specified unlawful activity, and while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT 5

Beginning in or about December, 2006, the exact date being unknown, and continuing through in or about March, 2012, in the District of Arizona, and elsewhere, defendant, JOSE GUADALUPE TAPIA-QUINTERO, did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Grand Jury to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, that is, the possession with intent to

distribute methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 5 of this Indictment, which are incorporated by reference as though fully set forth herein.

1. **DRUG OFFENSES**

Pursuant to Title 21, United States Code, Section 853, and upon conviction of one or more of the offenses alleged in Counts 1 through 3 of this Indictment, defendant, JOSE GUADALUPE TAPIA-QUINTERO, shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the offense(s), and (2) any property of defendant, JOSE GUADALUPE TAPIA-QUINTERO, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such offense(s), as to which property defendant, JOSE GUADALUPE TAPIA-QUINTERO, is jointly and severally liable.

2. **MONEY LAUNDERING OFFENSES**

Pursuant to Title 18, United States Code, Section 982(a)(1), and upon conviction of one or more of the offenses alleged in Counts 4 and 5 of this Indictment, defendant, JOSE GUADALUPE TAPIA-QUINTERO, shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offenses, or any property traceable to property involved in each offense, or conspiracy to commit such offense, including: (a) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Title 18, United States Code, Section 1956(a)(1); (b) all commissions,

fees and other property constituting proceeds obtained as a result of those violations; and (c) all property used in any manner or part to commit or to facilitate the commission of those violations.

3. <u>SUBSTITUTE ASSETS</u>

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), and upon conviction of one or more of the offense(s) alleged in Counts 1 through 5 of this Indictment, defendant, JOSE GUADALUPE TAPIA-QUINTERO, shall forfeit substitute property, up to the value of the amount described for each forfeiture allegation above, if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982, Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/S/
FOREPERSON OF THE GRAND JURY
Date: February 6, 2013

JOHN S. LEONARDO
United States Attorney
District of Arizona

/S/
WILLIAM H. BRYAN III
Assistant U.S. Attorney

5